**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant
James Krivda

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIVAUDAN FRAGRANCES CORPORATION, | : <br> : <br> : Civil Action No.: 2:08-cv-04409 <br> : |
| Plaintiff, | : |
| vs. | : **ANSWER AND SEPARATE DEFENSES** <br> : **(Document Electronically Filed)** |
| JAMES KRIVDA | : |
| Defendant. | : |

Defendant James Krivda ("Krivda" or "Defendant"), by way of Answer to the Verified Complaint (the "Complaint"), states as follows:

1. In response to paragraph 1 of the Complaint, Defendant admits that he is a former employee of Givaudan Fragrances Corporation, which is in the business of creating and manufacturing fragrances, and that Defendant is currently employed by MANE International. Defendant further admits that plaintiff's Complaint purports to seek the relief listed in this paragraph, but denies that plaintiff is entitled to such relief or that Defendant is liable for any of the damages sought by plaintiff. Defendant denies knowledge or information sufficient to form a belief as the allegation in paragraph 1 concerning Givaudan's sales. Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

## ANSWER AS TO "PARTIES"

2. Defendant admits the allegations contained in paragraph 2 of the Complaint, except that defendant lacks knowledge or information sufficient to form a belief as to plaintiff's locations and principal place of business.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

## ANSWER AS TO "JURISDICTION AND VENUE"

4. Defendant denies that this Court has subject matter jurisdiction over this action because plaintiff has not suffered the required injury under the Computer Fraud and Abuse Act and lacks standing to bring such a claim.

5. Defendant admits that venue is proper in this district, but neither admits nor denies the remaining allegations contained in paragraph 5 of the Complaint because they constitute legal conclusions to which no response is required.

## ANSWER AS TO "SUMMARY"

6. Defendant admits that he executed an Employee Confidentiality Agreement in connection with his employment with Givaudan, but denies that it is unambiguous, and defendant refers to the Employee Confidentiality Agreement for its terms.

7. Defendant denies the allegations of paragraph 7 of the Complaint, except that Defendant admits that on or about April 18, 2008, he informed Givaudan that he was resigning and that he had an offer of employment with MANE International. Defendant further admits that plaintiff's Complaint purports to seek the relief listed in this paragraph, but denies that plaintiff is entitled to such relief or that Defendant is liable for any of the damages sought by plaintiff.

## ANSWER AS TO "FACTUAL BACKGROUND"

**A.     ANSWER AS TO "GIVAUDAN"**

8.     Defendant admits the allegations contained in paragraph 8 of the Complaint.

9.     Defendant lacks information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10.     Defendant admits that Givaudan's product formulas are confidential and proprietary, but lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 10 of the Complaint.

11.     Defendant admits that he executed an Employee Confidentiality Agreement in connection with his employment with Givaudan, but denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 11 of the Complaint.

12.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint, except that defendant admits that his computer at Givaudan was password protected and that access to the offices where he worked was restricted

13.     Defendant denies the allegations contained in paragraph 13 of the Complaint.

**B.     ANSWER AS TO "KRIVDA'S EMPLOYMENT AGREEMENT"**

14.     Defendant admits the factual allegations contained in paragraph 14 of the Complaint, but is not required to respond to the characterization thereof.

15.     In response to the allegations contained in paragraph 15 of the Complaint, Defendant admits that he signed an Employee Confidentiality Agreement which included a provision regarding non-disclosure of secret or confidential ideas or information, and refers to that agreement for its terms.

16.     Defendant admits that the Employee Confidentiality Agreement included, in part, the provisions set forth in paragraph 16 of the Complaint.

17.     Defendant neither admits nor denies the allegations contained in paragraph 17 of the Complaint because they constitute legal conclusions to which no response is required.

### C.     ANSWER AS TO "KRIVDA'S EMPLOYMENT AND RESIGNATION FROM GIVAUDAN"

18.     Defendant admits the allegations contained in paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.     Defendant admits that he gave notice of his intent to resign from Givaudan on or about April 18, 2008 and that he informed Givaudan that he had received an offer of employment with MANE International, but denies the remaining allegations in paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint, except that Defendant admits that Givaudan and MANE International are competitors in the marketplace for some fragrances.

22.     Defendant admits that he printed or made sample requests for approximately 650 fragrance formulas on April 16, 17 and 18, including formulas that Defendant created, GC formulas, and formulas that other perfumers developed or worked on, but denies the remaining allegations in paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of the Complaint, except Defendant denies knowledge or information sufficient to form a belief as to the allegation that "between November 2007 and April 2008, in the course of his daily responsibilities, on average Krivda accessed only 15 formulas per day."

24. Defendant denies the allegations contained in paragraph 24 of the Complaint, and specifically denies that he was supposed to be winding down his work during the five days between April 21 and April 25, except admits that between April 21 and April 25, defendant printed or requested samples for a number of formulas.

25. Defendant admits the allegations contained in paragraph 25 of the Complaint.

### D. ANSWER AS TO "DISCOVERY OF KRIVDA'S FRAUDULENT MISAPPROPRIATION OF THE FORMULAS"

26. Defendant denies that he engaged in highly suspicious activity prior to his departure from Givaudan, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 27, except that Defendant admits that Jane E. Garfinkel sent him a letter, and refers to the letter for its full and complete contents.

28. In response to the allegations contained in paragraph 28 of the Complaint, Defendant admits that on or about May 30, 2008, he faxed to Ms. Garfinkel a letter, and refers to the letter for its full and complete contents. Defendant further admits that he did not have any Givaudan formulas in his possession, and that he told Cosimo Policastro that he had either shredded or left behind the formulas he printed before separating from Givaudan. Defendant further admits that he returned some materials to Cosimo Policastro some days later and that he did not return any Givaudan formulas, as he did not have any. Defendant denies the remaining allegations.

ME1 7801721v.1

29. In response to the allegations contained in paragraph 29 of the Complaint, Defendant admits that Jane E. Garfinkel sent him a letter on or about June 3, 2008, and refers to the letter for its full and complete contents.

30. In response to the allegations contained in paragraph 30 of the Complaint, Defendant admits that on or about June 6, 2008, Defendant responded to Ms. Garfinkel by letter, and refers to the letter for its full and complete contents.

31. In response to the allegations contained in paragraph 31 of the Complaint, Defendant admits that on or about June 10, 2008, Jane E. Garfinkel sent him another letter, and refers to the letter for its full and complete contents.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint, except that Defendant admits that on or about June 26, 2008, Defendant responded to Ms. Garfinkel by letter, and refers to the letter for its full and complete contents.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint, except he denies knowledge or information sufficient to form a belief as to the allegations regarding the nature of Givaudan's internal investigation.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

### ANSWER AS TO "COUNT ONE: VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030 *et seq.*"

38. Defendant repeats his answers to each and every allegation contained in paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

### ANSWER AS TO "COUNT TWO: BREACH OF KRIVDA'S EMPLOYEE CONFIDENTIALITY AGREEMENT"

46. Defendant repeats his answers to each and every allegation contained in paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47. Defendant admits that he executed an Employee Confidentiality Agreement with Givaudan in connection with his employment by Givaudan, but Defendant neither admits nor denies the remaining allegations contained in paragraph 47 of the Complaint as they constitute legal conclusions to which no response is required.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint, except that Defendant refers to the Employee Confidentiality Agreement for its contents and admits that the agreement prohibits the unauthorized removal of proprietary Givaudan formulas.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint except that Defendant refers to the Employee Confidentiality Agreement for its contents.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint except that Defendant refers to the Employee Confidentiality Agreement for its contents.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

## ANSWER AS TO "COUNT THREE: MISAPPROPRIATION OF TRADE SECRETS"

54. Defendant repeats his answers to each and every allegation contained in paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. In response to the allegations contained in paragraph 55 of the Complaint, defendant admits that Givaudan's product formulas are confidential and proprietary information, but denies that all of the information contained in the materials printed by Defendant is confidential.

56. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of the Complaint.

57. Defendant admits that he executed an Employee Confidentiality Agreement in connection with his employment with Givaudan, but denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 57 of the Complaint.

58. Defendant admits the allegations contained in paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint.

## ANSWER AS TO "COUNT FOUR: CONVERSION"

66. Defendant repeats his answers to each and every allegation contained in paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67. In response to the allegations contained in paragraph 67 of the Complaint, Defendant denies that he took any trade secrets or confidential and proprietary information.

68. Defendant denies the allegations contained in paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in paragraph 72 of the Complaint.

## ANSWER AS TO "COUNT FIVE: REPLEVIN"

73. Defendant repeats his answers to each and every allegation contained in paragraphs 1 through 72 of the Complaint as if fully set forth herein.

74. Defendant denies the allegations contained in paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in paragraph 77 of the Complaint.

In response to the <u>ad damnum</u> and prayer for relief clause, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or to any other relief.

## SEPARATE DEFENSES

Without assuming the burden of proof on any issue as to which the burden of proof is on Plaintiff under applicable law, Defendant asserts the following defenses:

## FIRST SEPARATE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

Plaintiff has suffered no injury as a result of Defendant's conduct.

## THIRD SEPARATE DEFENSE

When Plaintiff hired Defendant, Plaintiff asked Defendant to provide non-confidential information concerning the products on which he had worked at prior employers, and Plaintiff is equitably estopped from contending that such information about its own products is confidential and proprietary.

## FOURTH SEPARATE DEFENSE

When Defendant gave notice to Plaintiff that he was resigning, Plaintiff directed Defendant to continue working on formulas, and Plaintiff is equitably estopped from contending that Defendant was not authorized to continue working or that his continued work constituted improper conduct.

ME1 7801721v.1

## RESERVATION OF RIGHTS

Defendant hereby expressly reserves and does not waive the right to assert any and all defenses at such time and to such extent as discovery and factual developments establish a basis therefore.

**WHEREFORE,** Defendant demands the entry of judgment in his favor and against Plaintiff, dismissing Plaintiff's Complaint in its entirety, with prejudice, and awarding Defendant costs of suit, attorneys' fees, and such further relief as the Court deems just and proper.

## JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

Dated: November 3, 2008                    Respectfully submitted,

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorney for Defendant James Krivda

By: _____
Adam N. Saravay
A Member of the Firm

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, defendant James Krivda states that, to his knowledge, the matter in controversy in this action is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

Dated:  November 3, 2008

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant James Krivda

By: _____
Adam N. Saravay
A Member of the Firm

ME1 7801721v.1

## CERTIFICATION OF SERVICE

**MARISA J. STEEL**, of full age, hereby certifies as follows:

1. I am an attorney at law of the State of New Jersey and an associate with the law firm McCarter & English, LLP, counsel for defendant National City Corporation ("Defendant").

2. On this day, I caused to have served, via the Court's electronic case filing system and regular mail, a copy of Defendant's Answer and Separate Defenses, upon the following:

> Richard Rosenblatt, Esq.
> Morgan Lewis & Bockius LLP
> 502 Carnegie Center
> Princeton, NJ  08540-6241
> *Attorneys for Plaintiff*

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I may be subject to punishment.

Dated: November 3, 2008

*/s/ Marisa J. Steel*
Marisa J. Steel