McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys for Defendant
James Krivda

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIVAUDAN FRAGRANCES CORPORATION, | : |
| Plaintiff, | : Civil Action No.: 2:08-cv-04409 (PGS) (ES) |
| vs. | : **FIRST AMENDED ANSWER, SEPARATE DEFENSES AND COUNTERCLAIM** |
| JAMES KRIVDA | : **(Document Electronically Filed)** |
| Defendant. | : |

Defendant James Krivda ("Krivda" or "Defendant"), by way of Answer to the Verified Complaint (the "Complaint"), states as follows:

1. In response to paragraph 1 of the Complaint, Defendant admits that he is a former employee of Givaudan Fragrances Corporation, which is in the business of creating and manufacturing fragrances, and that Defendant is currently employed by MANE International. Defendant further admits that plaintiff's Complaint purports to seek the relief listed in this paragraph, but denies that plaintiff is entitled to such relief or that Defendant is liable for any of the damages sought by plaintiff. Defendant denies knowledge or information sufficient to form a belief as the allegation in paragraph 1 concerning Givaudan's sales. Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

## ANSWER AS TO "PARTIES"

2. Defendant admits the allegations contained in paragraph 2 of the Complaint, except that defendant lacks knowledge or information sufficient to form a belief as to plaintiff's locations and principal place of business.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

## ANSWER AS TO "JURISDICTION AND VENUE"

4. Defendant denies that this Court has subject matter jurisdiction over this action because plaintiff has not suffered the required injury under the Computer Fraud and Abuse Act and lacks standing to bring such a claim.

5. Defendant admits that venue is proper in this district, but neither admits nor denies the remaining allegations contained in paragraph 5 of the Complaint because they constitute legal conclusions to which no response is required.

## ANSWER AS TO "SUMMARY"

6. Defendant admits that he executed an Employee Confidentiality Agreement in connection with his employment with Givaudan, but denies that it is unambiguous, and defendant refers to the Employee Confidentiality Agreement for its terms.

7. Defendant denies the allegations of paragraph 7 of the Complaint, except that Defendant admits that on or about April 18, 2008, he informed Givaudan that he was resigning and that he had an offer of employment with MANE International. Defendant further admits that plaintiff's Complaint purports to seek the relief listed in this paragraph, but denies that plaintiff is entitled to such relief or that Defendant is liable for any of the damages sought by plaintiff.

## ANSWER AS TO "FACTUAL BACKGROUND"

### A. ANSWER AS TO "GIVAUDAN"

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant lacks information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits that Givaudan's product formulas are confidential and proprietary, but lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 10 of the Complaint.

11. Defendant admits that he executed an Employee Confidentiality Agreement in connection with his employment with Givaudan, but denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint, except that defendant admits that his computer at Givaudan was password protected and that access to the offices where he worked was restricted

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

### B. ANSWER AS TO "KRIVDA'S EMPLOYMENT AGREEMENT"

14. Defendant admits the factual allegations contained in paragraph 14 of the Complaint, but is not required to respond to the characterization thereof.

15. In response to the allegations contained in paragraph 15 of the Complaint, Defendant admits that he signed an Employee Confidentiality Agreement which included a provision regarding non-disclosure of secret or confidential ideas or information, and refers to that agreement for its terms.

16. Defendant admits that the Employee Confidentiality Agreement included, in part, the provisions set forth in paragraph 16 of the Complaint.

17. Defendant neither admits nor denies the allegations contained in paragraph 17 of the Complaint because they constitute legal conclusions to which no response is required.

### C.  ANSWER AS TO "KRIVDA'S EMPLOYMENT AND RESIGNATION FROM GIVAUDAN"

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant admits that he gave notice of his intent to resign from Givaudan on or about April 18, 2008 and that he informed Givaudan that he had received an offer of employment with MANE International, but denies the remaining allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint, except that Defendant admits that Givaudan and MANE International are competitors in the marketplace for some fragrances.

22. Defendant admits that he printed or made sample requests for approximately 650 fragrance formulas on April 16, 17 and 18, including formulas that Defendant created, GC formulas, and formulas that other perfumers developed or worked on, but denies the remaining allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint, except Defendant denies knowledge or information sufficient to form a belief as to the allegation that "between November 2007 and April 2008, in the course of his daily responsibilities, on average Krivda accessed only 15 formulas per day."

24. Defendant denies the allegations contained in paragraph 24 of the Complaint, and specifically denies that he was supposed to be winding down his work during the five days between April 21 and April 25, except admits that between April 21 and April 25, defendant printed or requested samples for a number of formulas.

25. Defendant admits the allegations contained in paragraph 25 of the Complaint.

### D. ANSWER AS TO "DISCOVERY OF KRIVDA'S FRAUDULENT MISAPPROPRIATION OF THE FORMULAS"

26. Defendant denies that he engaged in highly suspicious activity prior to his departure from Givaudan, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 27, except that Defendant admits that Jane E. Garfinkel sent him a letter, and refers to the letter for its full and complete contents.

28. In response to the allegations contained in paragraph 28 of the Complaint, Defendant admits that on or about May 30, 2008, he faxed to Ms. Garfinkel a letter, and refers to the letter for its full and complete contents. Defendant further admits that he did not have any Givaudan formulas in his possession, and that he told Cosimo Policastro that he had either shredded or left behind the formulas he printed before separating from Givaudan. Defendant further admits that he returned some materials to Cosimo Policastro some days later and that he did not return any Givaudan formulas, as he did not have any. Defendant denies the remaining allegations.

ME1 7907114v.1

29. In response to the allegations contained in paragraph 29 of the Complaint, Defendant admits that Jane E. Garfinkel sent him a letter on or about June 3, 2008, and refers to the letter for its full and complete contents.

30. In response to the allegations contained in paragraph 30 of the Complaint, Defendant admits that on or about June 6, 2008, Defendant responded to Ms. Garfinkel by letter, and refers to the letter for its full and complete contents.

31. In response to the allegations contained in paragraph 31 of the Complaint, Defendant admits that on or about June 10, 2008, Jane E. Garfinkel sent him another letter, and refers to the letter for its full and complete contents.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint, except that Defendant admits that on or about June 26, 2008, Defendant responded to Ms. Garfinkel by letter, and refers to the letter for its full and complete contents.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint, except he denies knowledge or information sufficient to form a belief as to the allegations regarding the nature of Givaudan's internal investigation.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

### ANSWER AS TO "COUNT ONE: VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030 *et seq.*"

38. Defendant repeats his answers to each and every allegation contained in paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

## ANSWER AS TO "COUNT TWO: BREACH OF KRIVDA'S EMPLOYEE CONFIDENTIALITY AGREEMENT"

46. Defendant repeats his answers to each and every allegation contained in paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47. Defendant admits that he executed an Employee Confidentiality Agreement with Givaudan in connection with his employment by Givaudan, but Defendant neither admits nor denies the remaining allegations contained in paragraph 47 of the Complaint as they constitute legal conclusions to which no response is required.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint, except that Defendant refers to the Employee Confidentiality Agreement for its contents and admits that the agreement prohibits the unauthorized removal of proprietary Givaudan formulas.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint except that Defendant refers to the Employee Confidentiality Agreement for its contents.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint except that Defendant refers to the Employee Confidentiality Agreement for its contents.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

## ANSWER AS TO "COUNT THREE: MISAPPROPRIATION OF TRADE SECRETS"

54.     Defendant repeats his answers to each and every allegation contained in paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55.     In response to the allegations contained in paragraph 55 of the Complaint, defendant admits that Givaudan's product formulas are confidential and proprietary information, but denies that all of the information contained in the materials printed by Defendant is confidential.

56.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of the Complaint.

57.     Defendant admits that he executed an Employee Confidentiality Agreement in connection with his employment with Givaudan, but denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 57 of the Complaint.

58.     Defendant admits the allegations contained in paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in paragraph 60 of the Complaint.

61.     Defendant denies the allegations contained in paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in paragraph 65 of the Complaint.

## ANSWER AS TO "COUNT FOUR: CONVERSION"

66. Defendant repeats his answers to each and every allegation contained in paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67. In response to the allegations contained in paragraph 67 of the Complaint, Defendant denies that he took any trade secrets or confidential and proprietary information.

68. Defendant denies the allegations contained in paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in paragraph 72 of the Complaint.

## ANSWER AS TO "COUNT FIVE: REPLEVIN"

73. Defendant repeats his answers to each and every allegation contained in paragraphs 1 through 72 of the Complaint as if fully set forth herein.

74. Defendant denies the allegations contained in paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in paragraph 77 of the Complaint.

In response to the <u>ad damnum</u> and prayer for relief clause, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or to any other relief.

## SEPARATE DEFENSES

Without assuming the burden of proof on any issue as to which the burden of proof is on Plaintiff under applicable law, Defendant asserts the following defenses:

### FIRST SEPARATE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff has suffered no injury as a result of Defendant's conduct.

### THIRD SEPARATE DEFENSE

When Plaintiff hired Defendant, Plaintiff asked Defendant to provide non-confidential information concerning the products on which he had worked at prior employers, and Plaintiff is equitably estopped from contending that such information about its own products is confidential and proprietary.

### FOURTH SEPARATE DEFENSE

When Defendant gave notice to Plaintiff that he was resigning, Plaintiff directed Defendant to continue working on formulas, and Plaintiff is equitably estopped from contending that Defendant was not authorized to continue working or that his continued work constituted improper conduct.

## RESERVATION OF RIGHTS

Defendant hereby expressly reserves and does not waive the right to assert any and all defenses at such time and to such extent as discovery and factual developments establish a basis therefore.

**WHEREFORE,** Defendant demands the entry of judgment in his favor and against Plaintiff, dismissing Plaintiff's Complaint in its entirety, with prejudice, and awarding Defendant costs of suit, attorneys' fees, and such further relief as the Court deems just and proper.

## JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

## COUNTERCLAIM

Defendant, by way of counterclaim against plaintiff, alleges as follows:

1. Plaintiff/counterclaim defendant Givaudan Fragrances Corporation ("Givaudan") is a Delaware corporation that maintains its principal place of business at 300 Waterloo Valley Road, Mount Olive, New Jersey 07828.

2. Defendant/counterclaim plaintiff James Krivda ("Krivda") is an individual residing at 18 Dogwood Circle, Pine Brook, New Jersey 07058.

3. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

5. Krivda has worked in the fine fragrance industry for nearly 25 years, and has been a perfumer for over 17 years. At all times prior to the false and defamatory words alleged in this counterclaim, Krivda had an excellent reputation in the fine fragrance industry for honesty and the ability to develop new and creative fragrances.

ME1 7907114v.1

6.  Krivda was employed as a perfumer by plaintiff/counterclaim defendant Givaudan from January, 2005 through May 2, 2008.

7.  Krivda is currently employed as a perfumer by Mane USA, Inc. ("Mane").

8.  On or about May 28, 2008, Jane E. Garfinkel ("Garfinkel"), Senior Vice President and General Counsel of Givaudan, acting within the scope of her employment by Givaudan, sent Krivda a letter asking Krivda why he had printed an "excessive number" of Givaudan formulas in the days surrounding his resignation from Givaudan. Ms. Garfinkel demanded a response to her letter by noon on May 30, 2008.

9.  On May 30, 2008 Krivda responded to Garfinkel's letter. Mr. Krivda stated in his response that he would need additional time to respond to the extensive, detailed questions contained in Garfinkel's letter and to consult legal counsel.

10. On or about June 3, 2008, Garfinkel responded to Krivda. In Garfinkel's letter dated June 3, 2008, she told Krivda that if Givaudan "did not have, in every respect acceptable to Givaudan, a satisfactory resolution of this matter by 9:00 a.m. on Friday June 6," Givaudan would "take whatever steps are necessary to protect the property, tangible and intangible of the Company, including informing your new employer of your activities . . . ."

11. Krivda showed to Mane Ms. Garfinkel's letters dated May 28, 2008 and June 3, 2008.

12. On or about June 10, 2008, Garfinkel, acting within the scope of her employment by Givaudan, willfully and maliciously prepared, published and sent a false and defamatory letter on Givaudan's behalf concerning Krivda. A copy of this letter, hereinafter referred to as the "June 10 Letter," is attached to this counterclaim as Exhibit A and is incorporated herein by reference.

ME1 7907114v.1

13. The June 10 Letter was published by Givaudan and/or Garfinkel with Givaudan's knowledge, authorization or consent to Michel Mane, President of Mane USA, Inc. The June 10 Letter was read by the aforementioned recipient.

14. The June 10 Letter makes a false accusation with respect to Krivda that was not included in Garfinkel's previous letters to Krivda (dated May 28, 2008 and June 3, 2008), which Krivda had shown to Mane. Specifically, the June 10 Letter falsely accuses Krivda of improperly and dishonestly removing hundreds of Givaudan formulas from Givaudan's offices in the days surrounding his resignation from Givaudan. The June 10 Letter contains the following libelous, false statement concerning Krivda: "Why did you print and remove from Givaudan's premises over 700 Givaudan formulas three days prior to, and two days after, your resignation?"

15. The statement described in paragraph 14 of this counterclaim is false and untrue, in that Krivda did not remove Givaudan formulas or any other confidential or proprietary Givaudan information from Givaudan, does not now possess any Givaudan formulas or confidential or proprietary Givaudan information, and has never used any Givaudan formulas for any improper purpose.

16. The June 10 Letter published by Givaudan or Garfinkel on Givaudan's behalf constitutes defamation *per se* because it was intended to convey and did convey to the recipient that Krivda was dishonest, disreputable and deceptive in his business, trade and profession, and had wrongfully and illegally appropriated for his own use and benefit, and the use and benefit of his new employer, the property of his former employer, Givaudan.

17. The defamatory meaning and application to Krivda of the June 10 Letter were apparent from its face and plainly understood by its recipient.

18. The June 10 Letter was published and sent by Givaudan or Garfinkel on Givaudan's behalf with actual malice towards Krivda, with wanton and reckless disregard for the truth and veracity of the statement described in paragraph 14 of this counterclaim, and with the wrongful and willful intent to injure Krivda in his business, trade and professional reputation.

19. The statement described in paragraph 14 of this counterclaim was known or should have been known by Givaudan to be false. Givaudan made no reasonable effort to determine the accuracy, truthfulness or correctness of the statement, Givaudan knew the severity of the accusations against Krivda and, with actual malice, Givaudan intentionally published and sent the June 10 Letter to Mane knowing that the accusation could have been verified or determined to be false prior to publication.

20. The June 10 Letter was published and sent by Givaudan or Garfinkel on Givaudan's behalf for an unprivileged purpose or to a person not reasonably believed to be necessary for the accomplishment of the purpose of a privilege, if any, and includes defamatory matters not reasonably believed to be necessary for the accomplishment of the purpose of a privilege, if any.

21. As a direct and proximate result of Givaudan's publication of the June 10 Letter, Krivda has suffered injury to his business, trade and professional reputation as a perfumer in the fine fragrance industry, and has suffered great mental pain and anguish.

22. As described in paragraph 16 of this counterclaim, the June 10 Letter constitutes *per se* defamation, and thus special damages need not be pleaded.

**WHEREFORE**, defendant James Krivda demands judgment against plaintiff for: (i) general damages for injury to business and professional reputation; (ii) compensatory damages for emotional distress, humiliation and embarrassment; (iii) punitive damages to deter

plaintiff/counterclaim defendant from publishing malicious and reckless statements in the future; (iv) costs, attorneys' fees and interest; and (v) such other and further relief as the Court deems just and proper.

Dated: November 24, 2008

Respectfully submitted,

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorney for Defendant James Krivda

By: *[signature]*
Adam N. Saravay
A Member of the Firm

# EXHIBIT A

# Givaudan

*Via Federal Express*

June 10, 2008

James Krivda
18 Dogwood Circle
Pine Brook, NJ 07058

Dear Mr. Krivda:

I have received your June 6 letter, in which you request "specific questions" to which you can provide "specific answers." As you know, in my first letter to you, dated May 28, 2008, I laid out five specific questions for you to answer. I did so out of a hope and desire on the part of Givaudan that we could address this serious problem without the necessity of litigation. Your responses to date – including the failure to respond at all to the first four questions that I asked – has left us deeply concerned. Nonetheless, I will put this as plainly as possible one last time in the hope that we can avoid the escalation of this matter:

1. Why did you print and remove from Givaudan's premises over 700 Givaudan formulas three days prior to, and two days after, your resignation? While your letter suggests that we are "rushing" you, there really is no reason that it should take any length of time to answer this question.

2. If, as you now claim, the formulas were "thrown away, shredded, given to other perfumers, or left in my office," when and where did you discard them, when and where at Givaudan did you shred them, when and to whom did you give them and where in your office did you leave them?

3. Why, after repeatedly denying that you had misappropriated any of Givaudan's trade secrets, did you suddenly appear at our New York office last Friday with our ingredient list, proprietary marketing materials, and other company property?

4. Have you still failed to return to Givaudan other proprietary information and documents which you took with you when you left?

Unless and until we receive detailed, complete and meaningful responses to these questions, we only can assume that you have misappropriated that information from Givaudan, that you do not intend to return that information, and that you have used or intend to use that information to raid Givaudan's customers and otherwise unfairly to compete with Givaudan.

Givaudan Flavors   1199 Edison Drive Cincinnati Ohio 45216 US
Corporation        T 513 948 8000  F 513 948 2178  www.givaudan.com

James Krivda
Page Two
June 11, 2008

In addition, since you have chosen to share our prior communications with your new employer, it is only fair for Mane to have all the facts so it can understand why we have such serious concerns about your conduct. Accordingly, we are sending to Mane both a copy of this letter, and copies of our prior correspondence.

To date, you have done everything but respond in a prompt and forthright manner to the questions which Givaudan repeatedly has raised and patiently waited, in vain, for you to answer. In the continued absence of any satisfactory explanations for your conduct, we only can presume that you have engaged, and continue to engage, in the misappropriation of Givaudan's trade secrets and other unlawful activity. Therefore, by this letter we also hereby demand that you and Mane immediately take all appropriate measures to remedy this flagrant misconduct including, at the very minimum, by: (1) returning to Givaudan all of Givaudan's formulas (including all copies) and certifying that all electronic versions have been permanently deleted from your and Mane's databases; (2) returning all other Givaudan confidential documents and other materials in your and Mane's possession; and (3) otherwise ceasing the use of any Givaudan confidential and proprietary information for any purpose.

As I am sure you can appreciate, Givaudan simply cannot and will not stand idly by and let a former employee deliver to, or use our formulas for the benefit of, our competitors. We trust you and Mane will take this final opportunity to resolve this very serious situation without our need to resort to more formal proceedings. If that does not occur, however, on or before this Monday, June 16, we intend to avail ourselves of all our legal rights and remedies against both you and Mane without any further notice.

Jane E. Garfinkel
Senior Vice President and General Counsel
Givaudan Flavors and Fragrances Corporation

Attachments:

A.  May 23, 2008 letter from James Zangaro to Mane (Debra Knighton)
B.  May 23, 2008 letter from James Zangaro to James Krivda
C.  May 28, 2008 letter from Jane Garfinkel to James Krivda
D.  May 30, 2008 letter from James Krivda to Jane Garfinkel
E.  June 3, 2008 letter from Jane Garfinkel to James Krivda
F.  June 6, 2008 letter from James Krivda to Jane Garfinkel

cc:   Mr. Michael Mane