NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **GIVAUDAN FRAGRANCES** | : | |
| **CORPORATION,** | : | |
| | : | **Civil Action No. 08-4409 (PGS)** |
| **Plaintiff,** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES KRIVDA,** | : | **OPINION** |
| | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

Pending before this Court is a Motion by Plaintiff Givaudan Fragrances Corporation ("Plaintiff") to amend its Complaint to add one new defendant and additional claims against Defendant James Krivda ("Defendant" or "Mr. Krivda") and Defendant's Motion for a More Definite Statement. (Docket Entry No. 56). Having considered the parties' submissions, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint and **DENIES** Defendant's motion for a more a definite statement.

## I.     PROCEDURAL BACKGROUND

Plaintiff instituted this lawsuit against Mr. Krivda on September 3, 2008 alleging a violation of the Computer Fraud and Abuse Act, breach of Mr. Krivda's employee confidentiality agreement, misappropriation of trade secrets, conversion and replevin. (Docket Entry No.1, the "Complaint"). On that same date, Plaintiff filed a motion for a preliminary injunction and expedited discovery. (Docket Entry No. 3). On September 15, 2008, the parties entered into a consent order for preliminary injunction and the Court permitted the parties to engage in limited expedited discovery.

(Docket Entry No. 9).

Defendant subsequently answered the Complaint on November 3, 2008.  (Docket Entry No. 16).   The Court held an initial scheduling conference pursuant to Fed. R. Civ. P. 16 on January 7, 2009 and entered the Pretrial Scheduling Order setting various discovery deadlines.   (Docket Entry No. 33).  On May 4, 2009, in an effort to resolve this matter, the Court entered an order which set forth the parameters for which third-party MANE USA ("MANE") would produce documents to Plaintiff.  (Docket Entry No. 45, "May 4th Order").

In response to the discovery produced by Defendant and MANE, Plaintiff filed the instant motion on September 18, 2009, seeking to add MANE as a defendant and to bring additional claims against Mr. Krivda.  *See* Plaintiff Givaudan Fragrances Corporation's Memorandum of Law in Support of The Motion For Leave to File An Amended Complaint ("Pl. Memo of Law") at 1.  Prior to the filing of this motion, the parties contacted the Court on numerous occasions for assistance in resolving various discovery disputes, many of which involved MANE's production of discovery pursuant to the May 4th Order.[1]   Although the Pretrial Scheduling Order has not been amended, in light of the history of this matter and the ongoing nature of discovery, the Court permitted the Plaintiff to file this motion.   No trial date has been set and only limited discovery has been exchanged.

Plaintiff claims that through the limited discovery held pursuant to the May 4th Order, Plaintiff now has enough information to include allegations against MANE and to add new causes of action against Mr. Krivda.  *See* Pl. Memo of Law at 4 - 5.  Mr. Krivda opposes Plaintiff's motion

---

[1]  As a general practice in each matter, the Court maintains a case journal.  The information in the above background was obtained from the Court's notes in that journal.

on the following grounds: (1) Plaintiff's alleged failure to comply with the May 4th Order and its

discovery obligations; (2) futility of the amendment; and (3) bad faith.  In the alternative, Mr. Krivda

seeks for Plaintiff to provide a more definite statement of the allegations.  The Court will evaluate

Plaintiff's motion against the equitable and legal considerations underpinning Fed. R. Civ. P. 15(a).

## II.    FACTUAL ALLEGATIONS

Taking the allegations in the Complaint as true, Plaintiff, which is in the business of creating

and manufacturing fragrances, employed Mr. Krivda as a Vice President of Perfumery until April

18, 2008 when Mr. Krivda accepted employment with one of Plaintiff's competitor's, MANE. (*See*

Complaint at ¶¶ 1, 7).  Upon his resignation, Plaintiff alleges that Mr. Krivda accessed and removed

more than 650 of its secret fragrance formulas in violation of the Employee Confidentiality

Agreement that he signed upon commencement of employment.  (*See id.* at ¶ 7).  Plaintiff further

alleges that despite numerous demands, Mr. Krivda has failed to return the misappropriated

formulas.  (*See id.* at ¶¶ 27-35).   Therefore, Plaintiff now seeks damages and injunctive relief

compelling Mr. Krivda to return the stolen formulas and any other of Plaintiff's property, to refrain

from using or disseminating Plaintiff's trade secrets, and to disclose what use Plaintiff has made of

the information.  (*See id.* at ¶ 1).

## III.   LEGAL ANALYSIS

Fed. R. Civ. P. 15(a)(2) allows a party to amend its pleading by leave of court when justice

so requires.  Leave to amend pleadings is to be freely given.  Fed. R. Civ. P. 15(a)(2); *see also*

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  The decision to grant leave to amend rests within the

discretion of the court.  *Foman*, 371 U.S. at 182.  Pursuant to *Foman*, leave to amend may be denied

on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing

party; and (4) futility of amendment. *Id.* "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted).

Here, Defendant is opposing Plaintiff's motion on what appears to be the basis of bad faith or dilatory motive and futility of the proposed amendment. Mr. Krivda also seeks for this Court to order Plaintiff's provide a more definite statement of claims. These arguments will be addressed in turn.

### A.   Bad Faith

Although not explicitly set forth utilizing the framework in Fed. R. Civ. P. 15(a), the Court construes Mr. Krivda's opposition to this motion pertaining to Plaintiff's alleged failure to comply with the May 4th Order and to fulfill its discovery obligations and alleged bad faith litigation strategy as evidence to demonstrate the bad faith or dilatory motive prong of the *Foman* test noted above. To determine bad faith, the Court must consider the plaintiff's motives for not amending sooner. *See Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).

Here, Mr. Krivda advances a number of reasons why the Court should not permit Plaintiff's amendment which appear to be purported evidence of Plaintiff's bad faith. First, Mr. Krivda argues that the motion to amend should not be granted because it is a bad faith attempt to circumvent Plaintiff's obligations under the May 4th Order. *See* Defendant's Brief in Opposition to Plaintiff's Motion For Leave To File An Amended Complaint ("Def. Br.") at 9. Second, Mr. Krivda argues that Plaintiff's bad faith is also demonstrated because he is in default of his discovery obligations. *See* Def. Br. at 11. Finally, Defendant argues that the motion to amend is evidence of Plaintiff's bad faith litigation strategy to force MANE to remove Mr. Krivda from his current position as a

perfumer.  *See* Def. Br. at 16.  Notably, however, none of these allegations, even if they were true, are reason for this Court to deny Plaintiff's motion.  As noted above, allegations of bad faith must pertain to Plaintiff's motives for *not amending sooner*, not to Plaintiff's alleged litigation strategy. *See Adams*, 739 F.2d at 868 (emphasis added).  In fact, Mr. Krivda does not cite to a single case which stands for the proposition that a motion for leave to file an amended complaint can be denied because of defaults in discovery or failure to abide by the terms of unrelated Court Order.

Therefore, the motion to amend will not be denied on the basis of bad faith or dilatory motive.

### B.   Futility

The Court next considers Defendant's futility argument.  An amendment is considered futile if it advances a claim or defense that is legally insufficient on its face.  Courts may properly deny a motion to amend when the amendment would not withstand a motion to dismiss.  *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).  With respect to futility, "[it is] clear that an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)); *see also Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (reasoning that an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face" (citations and quotations omitted)).  As such, "[i]n assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Burlington*, 114 F.3d at 1434 (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)) (further citation omitted)).  The Court therefore must accept all factual allegations as true "as well as the reasonable

inferences that can be drawn from them." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001).

When a plaintiff asserts claims, they must provide sufficient notice to defendants of the factual allegations that entitle them to relief as articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*. The Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement' to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level....

550 U.S. 544, 545, 127 S.Ct.1955, 1959, 167 L.Ed. 2d 929 (2007) (citations omitted).

The Third Circuit has emphasized that the Court reaffirmed that Rule 8 still only requires a short and plain statement of claims and their factual underpinnings. *Phillips v. Cty of Allegeny*, 515 F.3d 224, 232 (3d Cir. 2008). However, there is now a "plausibility paradigm" for evaluating the sufficiency of complaints. *Id. at 230*. "[F]actual allegations in the complaint must not be 'so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.'" *Umland v. PLANCO Fin. Svsc, Inc.*, 542 F.3d 59, 64 (3d Cir. 2008) (quoting *Phillips*, 515 F.3d at 232). Left intact and still in harmony with *Twombly* is the notion that courts will read complaints to determine if "under any reasonable reading ... the plaintiff may be entitled to relief." *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

Defendant argues that the amended complaint is futile because Plaintiff seeks a remedy not permitted by law. *See* Def. Br. at 12-15. Specifically, Plaintiff seeks, as one of the nine remedies listed in paragraph 117 of the Proposed Amended Complaint (Docket Entry No. 56, "Am. Compl.")

that "Krivda be permanently barred from working as a fine fragrance perfumer for MANE or any other Givaudan competitor for a period of three years." Am. Compl. at ¶ 117 (g).  Defendant argues that because this remedy is not valid, the entire Proposed Amended Complaint must fail.

Mr. Krivda has failed to cite a single case where a proposed amended pleading is futile because one of the enumerated remedies is purportedly unavailable.  Instead, in support of his futility agreement, Mr. Krivda cites to cases where the court has crafted the terms of both preliminary and permanent injunctions.  None of the cases cited, however, relate to the standard applied in determining futility of a claim.  As such, Mr. Krivda has not demonstrated, nor even mentioned, how a single claim in the Proposed Amended Complaint is futile. Focusing on the remedy sought is not grounds to find a proposed amended complaint futile.  In fact, the proper standard for evaluating the futility of a proposed amended complaint is whether "it appears beyond doubt that the [party asserting the claim] can prove no set of facts in support of *his claim* which would entitle him to relief."  *Conley*, 355 U.S. at 45-46 (emphasis added).

Accordingly, the Court will not deny the motion to amend on these grounds.

### C.    More Definite Statement

Finally, pursuant to Fed. R. Civ. P. 12(e), Mr. Krivda argues that because Plaintiff has not plead sufficient facts to enable him to form a defense, Plaintiff should be required to provide more detailed allegations to support its claims.  *See* Def. Br. at 15-16.   Specifically, Mr. Krivda seeks more information regarding his alleged misappropriation, i.e. which MANE formulas Plaintiff alleges are the result of misappropriation, which of Plaintiff's formulas were copied and which ingredients the formulas have in common.  *See* Def. Br. at 15.

In response, Plaintiff argues that the Proposed Amended Complaint provides far more

information than is required under the notice pleading standards of Fed. R. Civ. P. 8(a)(2).  Plaintiff states that the Proposed Amended Complaint includes more than 12 pages of facts, including a "a detailed narrative of Krivda's and MANE's misconduct and the dates on which the misconduct occurred" and that Fed. R. Civ. P. 8 does not require a plaintiff to plead each piece of evidence on which it may rely.  Plaintiff Givaudan Fragrances Corporation's Reply Memorandum of Law In Further Support of the Motion For Leave to File An Amended Complaint ("Pl. Reply") at 9-10.

Fed. R. Civ. P. 12 (e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Mr. Krivda does not cite to a specific claim that he contends is so vague he cannot provide a response, but rather argues that the entire Proposed Amended Complaint in its entirety is flawed as such.  *See* Def. Br. at 15.  A very liberal reading of Mr. Krivda's opposition leads the Court to believe that his concerns relate to the misappropriation claim or Count Three, Misappropriation of Trade Secrets.  The Court notes, however, that Count Three was included in Plaintiff's original complaint which has already been answered by Mr. Krivda.  (Docket Entry No. 16).  On those grounds alone, Mr. Krivda's motion is moot.  Nonetheless, the Court will review Count Three to determine whether Plaintiff must provide a more definite statement.

To plead a misappropriation of trade secrets claims, a plaintiff must show "(1) the existence of a trade secret, (2) communicated in confidence by the plaintiff to the employee, (3) disclosed by the employee in breach of that confidence, (4) acquired by the competitor with knowledge of the breach of confidence, and (5) used by the competitor to the detriment of the plaintiff."  *Rohnm and Hass Co. v. Adco Chemical Co*., 689 F.2d 424, 429-30 (3d Cir. 1982) (applying New Jersey law).  Review of the Proposed Amended Complaint demonstrates that Plaintiff has set forth sufficient

information to enable Mr. Krivda to craft a response.  Plaintiff alleges that (1) the fragrance formulas

in its database are trade secrets (*See* Am. Compl. at ¶¶  2, 64 -66); (2) Mr. Krivda  was given access

to this database as part of his job responsibilities (*See id.* at ¶¶  22, 67); (3) Mr. Krivda accessed and

printed the formulas after accepting employment with MANE and copied Plaintiff's formulas to

MANE's formula database (*See id.* at ¶ 68); (4) MANE knowingly accepted Plaintiff's trade secrets

(*See id.* at ¶ 69); and (5) Plaintiff has been damaged (*See id.* at ¶ 72).

Mr. Krivda seeks Plaintiff to include in his Proposed Amended Complaint a detailed list of

each formula which Mr. Krivda allegedly took, the MANE formulas that use Plaintiff's information

and the ingredients the formulas have in common.  This Court believes that the information sought

is more appropriately set forth in discovery and not required at the pleading stage.  As such, Mr.

Krivda's motion for a more definite statement is denied.

## IV .   CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's Motion to Amend the Complaint

and denies Defendant's Motion for a More Definite Statement.   The Court will issue an appropriate

Order.


s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**