**LITCHFIELD CAVO LLP**
*An Illinois Limited Liability Partnership*
John D. Shea, Esquire
1800 Chapel Avenue West, Suite 360
Cherry Hill, NJ 08002
(856) 854-3636
Attorneys for Defendant Mane USA, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIVAUDAN FRAGRANCES CORPORATION, | Civil Action No.: 2:08-cv-04409 |
| Plaintiff, | |
| vs. | **DEFENDANT MANE USA, INC.'S ANSWER TO AMENDED COMPLAINT WITH SEPARATE DEFENSES AND JURY DEMAND** |
| MANE USA, INC. and JAMES KRIVDA, | |
| Defendants. | |

Defendant, Mane USA, Inc. ("Mane" and/or "Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff's Amended Complaint. At the outset, it should be noted that Mane objects to plaintiff Givaudan Fragrances Corporation's ("Givaudan") use of headings throughout its Amended Complaint which include factual misrepresentations and improper legal conclusions. By including them in this responsive pleading, Mane is not admitting that the headings have any legal merit or basis in fact. That being stated, Mane responds as follows:

1. Mane admits only that Givaudan is in the business of creating and manufacturing fragrances, that defendant James Krivda ("Krivda") is former employee of Givaudan, and that Krivda is currently an employee of Mane. Mane is without sufficient information to form a belief as to the remaining allegations, and therefore, denies the same.

2. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

3. Mane admits only that Givaudan filed the instant lawsuit against Krivda on in September 2008, and that a Consent Order was entered by the Court on September 15, 2008, which is a document in writing and speaks for itself, and therefore, any characterization and/or mischaracterization of that document is denied. Mane is without sufficient information to form a belief as to the remaining allegations, and therefore, denies the same.

4. The allegations of this paragraph constitute conclusions of law, to which no response is required. To the extent a response is required, Mane denies the allegations and demands strict proof.

5. The allegations of this paragraph constitute conclusions of law, to which no response is required. To the extent a response is required, Mane denies the allegations and demands strict proof.

6. The Amended Complaint is a document in writing, and therefore, speaks for itself. No further response is required. To the extent a response is required, Mane denies that Givaudan is entitled to the relief sought in the Amended Complaint.

## PARTIES

7. Admitted as to Givaudan's state of incorporation and principal place of business. Mane is without sufficient information to form a belief as to the remaining allegations, and therefore, denies the same.

8. Admitted.

9. Admitted.

## JURISDICTION AND VENUE

10. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

11. The allegations of this paragraph are conclusions of law to which no response is required. To the extent a response is required, Mane admits that venue in this district is proper.

## FACTUAL BACKGROUND

### A. GIVAUDAN

12. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

13. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

14. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

15. Mane admits only that a copy of Krivda's Employment Agreement is attached as Exhibit A to the Amended Complaint. Mane is without sufficient information to form a belief as to the remaining allegations of this paragraph, and therefore, denies the same.

16. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

### B. KRIVDA'S EMPLOYEE AGREEMENT

17. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

3

18. Mane admits only that a copy of Krivda's Employment Agreement is attached as Exhibit A to the Amended Complaint. Mane is without sufficient information to form a belief as to the remaining allegations of this paragraph, and therefore, denies the same.

19. Mane admits only that a copy of Krivda's Employment Agreement is attached as Exhibit A to the Amended Complaint, which is a document in writing and speaks for itself, and therefore, any characterization and/or mischaracterization is denied. Mane is without sufficient information to form a belief as to the remaining allegations of this paragraph, and therefore, denies the same.

20. The allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

### C. KRIVDA'S EMPLOYMENT AND RESIGNATION FROM GIVAUDAN

21. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

22. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

23. The allegations of this paragraph, specifically the last sentence, are conclusions of law to which no further response is required. To the extent these allegations are deemed averments of fact, they are denied. With respect to the remaining allegations of this paragraph, Mane is without sufficient information to admit or deny the allegations pertaining to defendant's Krivda's resignation. Mane admits that the offer of employment to defendant Krivda included a forgivable loan and vehicle allowance. Mane denies plaintiff's remaining self-serving characterizations contained in this paragraph, and demands strict proof thereof.

### D.   KRIVDA'S AND MANE'S MISAPPROPRIATION AND USE OF GIVAUDAN TRADE SECRET FRAGRANCE FORMULAS

24. Mane admits that Givaudan is a competitor with Mane.

25. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

26. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

27. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

28. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

29. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact, they are denied and demands strict proof thereof.

30. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

31. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

32. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact, they are denied. With respect to the remaining allegations of this paragraph, Mane is without sufficient information to admit or deny the allegations, and therefore, denies the same.

33. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact, they are denied. With

respect to the remaining allegations of this paragraph, Mane is without sufficient information to admit or deny the allegations, and therefore, denies the same.

34. Mane admits receipt of a letter from Givaudan dated June 10, 2008, which letter is in writing, and therefore, speaks for itself. Mane denies the remaining allegations of this paragraph.

35. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact, they are denied. With respect to the remaining allegations of this paragraph, Mane is without sufficient information to admit or deny the allegations, and therefore, denies the same.

36. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact, they are denied. With respect to the remaining allegations of this paragraph, Mane is without sufficient information to admit or deny the allegations, and therefore, denies the same.

37. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact, they are denied. With respect to the remaining allegations of this paragraph, Mane is without sufficient information to admit or deny the allegations, and therefore, denies the same.

### E. THE INSTANT LAWSUIT AND MANE'S AND KRIVDA'S POST-COMPLAINT MISAPPROPRIATION AND USE OF GIVAUDAN TRADE SECRET FRAGRANCE FORMULAS

38. Mane admits only that Givaudan filed the instant lawsuit against Krivda on September 3, 2008, and that a Consent Order was entered by the Court on September 15, 2008, which is a document in writing and speaks for itself, and therefore, any characterization and/or

mischaracterization of that document is denied. Mane is without sufficient information to form a belief as to the remaining allegations, and therefore, denies the same.

39. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact, they are denied. With respect to the remaining allegations of this paragraph, Mane is without sufficient information to admit or deny the allegations, and therefore, denies the same and demands strict proof thereof.

40. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact, they are denied. With respect to the remaining allegations of this paragraph, Mane is without sufficient information to admit or deny the allegations, and therefore, denies the same and demands strict proof thereof.

41. Mane admits receipt of the January 7, 2009 subpoena. Mane denies the remaining allegations of this paragraph, and demands strict proof thereof.

42. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact, they are denied. With respect to the remaining allegations of this paragraph as they pertain to Defendant Krivda, Mane is without sufficient information to admit or deny the allegations, and therefore, denies the same and demands strict proof thereof.

43. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact, they are denied. With respect to the remaining allegations of this paragraph, Mane is without sufficient information to admit or deny the allegations, and therefore, denies the same.

44. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

45. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact, they are denied. With respect to the remaining allegations of this paragraph, Mane is without sufficient information to admit or deny the allegations, and therefore, denies the same.

### COUNT ONE: VIOLATION OF THE COMPUTER FRAUD ACT AND ABUSE ACT, 18 U.S.C.§ 1030, et seq. (as to Defendant Krivda)

46. Mane repeats and asserts herein its answers to paragraphs 1 through 45 as if set forth fully herein.

47. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are directed at a party other that Mane, and therefore no response is required. To the extent a response is required, they are denied.

48. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are directed at a party other that Mane, and therefore no response is required. To the extent a response is required, they are denied.

49. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are directed at a party other that Mane, and therefore no response is required. To the extent a response is required, they are denied.

50. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are directed at a

party other that Mane, and therefore no response is required. To the extent a response is required, they are denied.

51. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are directed at a party other that Mane, and therefore no response is required. To the extent a response is required, they are denied.

52. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are directed at a party other that Mane, and therefore no response is required. To the extent a response is required, they are denied.

53. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are directed at a party other that Mane, and therefore no response is required. To the extent a response is required, they are denied.

54. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are directed at a party other that Mane, and therefore no response is required. To the extent a response is required, they are denied.

### COUNT TWO: BREACH OF KRIVDA'S EMPLOYEE CONFIDENTIALITY AGREEMENT (as to Defendant Krivda)

55. Mane repeats and asserts herein its answers to paragraphs 1 through 54 as if set forth fully herein.

56.     Mane admits only that Krivda executed the document attached to the Amended Complaint as Exhibit A.  Mane is without sufficient information as to the remaining allegations, and therefore, denies the same.

57.     The allegations of this paragraph are conclusions of law to which no further response is required.  To the extent they are deemed averments of fact, the document attached to the Amended Complaint as Exhibit A is in writing, and therefore, speaks for itself and any characterization and/or mischaracterization is denied.

58.     The allegations of this paragraph are conclusions of law to which no further response is required.  To the extent they are deemed averments of fact, they are directed at a party other than Mane, and therefore, no response is required.  To the extent a response is required, the document attached to the Amended Complaint as Exhibit A is in writing, and therefore, speaks for itself and any characterization and/or mischaracterization is denied.

59.     Mane responds that the document attached to the Amended Complaint as Exhibit A is in writing, and therefore, speaks for itself and any characterization and/or mischaracterization is denied.

60.     The allegations of this paragraph are conclusions of law to which no further response is required.  To the extent they are deemed averments of fact, they are directed at a party other that Mane, and therefore, no response is required.  To the extent a response is required, they are denied.

61.     The allegations of this paragraph are conclusions of law to which no further response is required.  To the extent they are deemed averments of fact, they are directed at a party other that Mane, and therefore no response is required.  To the extent a response is required, they are denied.

62. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are directed at a party other that Mane, and therefore no response is required. To the extent a response is required, they are denied.

### COUNT THREE: MISAPPROPRIATION OF TRADE SECRETS
(as to Defendants Krivda and Mane)

63. Mane repeats and asserts herein its answers to paragraphs 1 through 62 as if set forth fully herein.

64. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent the allegations are deemed averments of fact, they are denied.

65. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

66. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

67. Mane is without sufficient information to form a belief as to the allegations of this paragraph, and therefore, denies the same.

68. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied and strict proof demanded.

69. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied and strict proof demanded.

70. Mane denies the allegations of this paragraph and demand strict proof thereof.

71. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied and strict proof demanded.

72. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied and strict proof demanded.

73. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied and strict proof demanded.

### COUNT FOUR: BEACH OF DUTY OF LOYALTY
### (as to Defendant Krivda)

74. Mane repeats and asserts herein its answers to paragraphs 1 through 73 as if set forth fully herein.

75. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are directed at a party other that Mane, and therefore no response is required. To the extent a response is required, they are denied.

76. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are directed at a party other that Mane, and therefore no response is required. To the extent a response is required, they are denied.

77. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are directed at a

party other that Mane, and therefore no response is required. To the extent a response is required, they are denied.

78. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are directed at a party other that Mane, and therefore no response is required. To the extent a response is required, they are denied.

79. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are directed at a party other that Mane, and therefore no response is required. To the extent a response is required, they are denied.

80. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are directed at a party other that Mane, and therefore no response is required. To the extent a response is required, they are denied.

81. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are directed at a party other that Mane, and therefore no response is required. To the extent a response is required, they are denied.

## COUNT FIVE: AIDING AND ABETTING BREACH OF THE DUTY OF LOYALTY
### (as to Defendant Mane)

82. Mane repeats and asserts herein its answers to paragraphs 1 through 81 as if set forth fully herein.

83. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

84. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

85. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

86. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

87. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

### COUNT SIX; UNFAIR COMPETITION
### (as to Defendants Krivda and Mane)

88. Mane repeats and asserts herein its answers to paragraphs 1 through 87 as if set forth fully herein.

89. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

90. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

91. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

92. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

### COUNT SEVEN: TORTIOUS INTERFERENCE WITH CONTRACT
### (as to Defendant Mane)

93. Mane repeats and asserts herein its answers to paragraphs 1 through 92 as if set forth fully herein.

94. Mane denies the allegations of this paragraph as stated.

95. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

96. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

97. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

98. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

### COUNT EIGHT: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (as to Defendants Mane and Krivda)

99. Mane repeats and asserts herein its answers to paragraphs 1 through 98 as if set forth fully herein.

100. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

101. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

102. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

103. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

114. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

### COUNT ELEVEN: CONSPIRACY
### (as to Defendant Krivda and Mane)

115. Mane repeats and asserts herein its answers to paragraphs 1 through 114 as if set forth fully herein.

116. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

117. The allegations of this paragraph are conclusions of law to which no further response is required. To the extent they are deemed averments of fact, they are denied.

**WHEREFORE,** Defendant Mane USA, Inc. denies that plaintiff is entitled to any relief, and demands judgment in its favor and against plaintiff with prejudice and any further relief this Court deems just.

### SEPARATE DEFENSES

Mane hereby sets forth the following separate defenses in response to plaintiff's Amended Complaint.

### FIRST SEPARATE DEFENSE

Plaintiff's claims as set forth in its Amended Complaint fail to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff's claims as set forth in its Amended Complaint are barred by the doctrine of equitable estoppel, waiver, delay and laches.

### THIRD SEPARATE DEFENSE

Plaintiff's claims should be barred as a result of plaintiff's failure to comply with the terms and conditions of the May 4, 2009 Consent Order entered by the Court prior to the joinder of Mane as a defendant in this action.

### FOURTH SEPARATE DEFENSE

As a result of plaintiff's delays and failure to comply with the Orders of this Court, plaintiff is not entitled to injunctive relief as alleged in the Amended Complaint.

### FIFTH SEPARTE DEFENSE

Plaintiff's complaint must be dismissed for failure to comply with the appropriate statute of limitations.

### SIXTH SEPARATE DEFENSE

Defendant Mane acted reasonably and in good faith at all relevant times covered by the claims asserted in Plaintiff's Amended Complaint.

### SEVENTH SEPARATE DEFENSE

Defendant Mane reserves the right to amend and/or supplement these defenses up to and at the time of trial in this matter.

### JURY DEMAND

Defendant Mane demands a trial by jury on all issues so triable.

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

Defendant Mane certifies that the matter in controversy before this Court is not the subject of any other action pending in any Court, or of any pending arbitration or other administrative proceeding.

LITCHFIELD CAVO LLP
*An Illinois Limited Liability Partnership*

_____
John D. Shea, Esquire
Attorneys for Defendant,
Mane USA, Inc.

1800 Chapel Avenue West, Suite 360
Cherry Hill, NJ 08002
(856) 854-3636
shea@litchfieldcavo.com

Date: June 29, 2010

## CERTIFICATE OF FILING

I certify that the Answer, Separate Defenses and Demand for Jury Trial of Defendant Mane USA, Inc. was electronically filed with the Court on the date listed below, with service to counsel listed below served electronically:

Richard Hamilton III, Esquire
Michelle Seldin Silverman, Esquire
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540-6241

Adam N. Saravay, Esquire
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, N.J. 07102

**LITCHFIELD CAVO LLP**
*An Illinois Limited Liability Partnership*

John D. Shea, Esquire
Attorneys for Defendant,
Mane USA, Inc.

Date: June 29, 2010