UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GIVAUDAN FRAGRANCES CORPORATION, | : | Civil Action No. 08-4409 (PGS) |
| Plaintiff, | : | |
| v. | : | MEMORANDUM & ORDER |
| JAMES KRIVDA, and MANE USA, INC., | : | |
| Defendants. | : | |

This matter comes before the Court on two Motions for Reconsideration of the Court's February 15, 2013 Discovery Order ("the Order") [dkt. no. 246]. The first Motion was filed by Defendant James Krivda ("Krivda") [dkt. no. 253], and the second Motion was filed by Mane USA, Inc. ("Mane") [dkt. no. 254]. Plaintiff Givaudan Fragrances Corporation ("Plaintiff" or "Givaudan") responded to the Motions by letter [dkt. no. 256]. The Court has carefully considered the parties' submissions pursuant to Fed R. Civ. P. 78 and, for the reasons set forth below, both Motions are **DENIED**.

**I.**

This is an action for misappropriation of trade secrets. The facts of this case are well-known to the Parties, and have been addressed in detail by this Court. Thus, the Court will address only the factual allegations and background information relevant to the instant Motions.

This case is now more than four years old. Discovery is ongoing, and has been contentious from the outset. Most recently, Givaudan agreed to forego its application for a preliminary injunction in favor of an expedited schedule for completion of discovery and, if appropriate, a plenary trial on the merits. See A. Marchetta Letter, dkt. no. 231. Accordingly, the

Court conducted a live status conference on February 7, 2013 to address all outstanding discovery issues. During that conference, a schedule for completion of discovery was established. In addition, certain unresolved discovery issues were brought to the Court's attention. The Order addressed those outstanding issues.

Krivda and Mane now take issue with the Order. Mane seeks an order limiting the scope of discovery in this case to the formulas actually identified as misappropriated (i.e., the alleged "matches"). Krivda seeks an order (a) directing Plaintiff to produce copies of any formula information it intends to use at trial; and (b) precluding Plaintiff from using any formula information at trial for which Plaintiff does not produce copies.

**II.**

Local Civil Rule 7.1(g) governs motions for reconsideration. It requires the moving party to "set forth concisely the matters or controlling decision which counsel believes [the Court] overlooked." L. Civ. R. 7.1(g). A motion under Rule 7.1(g) may be granted if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Carmichael v. Everson, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). "Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (citation omitted).

**III.**

In this case, Mane has not satisfied the high standard required to succeed on a motion for reconsideration. Mane claims the Court overlooked controlling precedent that requires a plaintiff in a trade secret case to disclose with specificity the trade secrets it claims were misappropriated.

Specifically, Mane contends it was never put on notice of the 616 formulas that were allegedly stolen by Krivda. Givaudan maintains these formulas were made available for inspection at its attorneys' office.

"An argument is not deemed overlooked because it is not specifically addressed in a court's opinion." Byrne v. Calastro, 2006 WL 2506722, at *2 (D.N.J. Aug. 28, 2006) (citation omitted). Mane raised this very argument in its opposition to Givaudan's Motion to Compel and in supplemental briefing to the Court. The Court considered the argument and determined that it was a legal issue rather than a discovery issue. Recognizing the broad discretion it has to manage discovery issues, e.g., In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982), the Court then made a series of further judgments. First, the Court determined the information sought was relevant. Second, the Court took notice of the contentious and protracted nature of discovery to date, and entered an Order designed to get the case trial-ready in the fastest and most efficient manner. Third, and perhaps most pertinent to the issue at hand, the Court also took notice of Mane's failure (or refusal) to inspect the documents as invited by Givaudan.[1]

Krivda's Motion is also **DENIED** for the reasons discussed above. However, Krivda has raised some concerns about the Order's intended meaning. Thus, for the sake of clarification only, and not intending to alter the meaning or effect of the Order, the following wording shall be substituted for and supersede Part I, paragraph 1:

1. Krivda's request for documents concerning the Givaudan formulas that were allegedly copied is **GRANTED**, in part, and **DENIED**, in part, as follows:

---

[1] This is not to say the Court condones the conditions imposed by Givaudan. However, Mane cannot complain of unfair conditions when it unilaterally declined to work within them. Mane's argument would have been stronger had it at least attempted to work within Givaudan's conditions and then alerted the Court to the problems they presented.

3

a. Krivda's Request is **DENIED** to the extent Givaudan has made the non-matching formulas available for inspection.

b. Krivda's Request is **DENIED** to the extent Givaudan has represented that it has produced detailed formula information regarding the alleged matches.

c. The request is otherwise **GRANTED**. If Givaudan believes that it has produced everything in its possession, it must so certify.

Once again, the Court notes that the preceding interpretation is intended for clarification purposes <u>only</u>.

Finally, the Court makes no determination as to Givaudan's ability to use certain information at trial other than to note that Givaudan must satisfy itself that it has properly complied with its discovery obligations. If it has not done so, an *in limine* motion is the most appropriate manor to address this issue.

## IV.

The Court, having considered the papers submitted pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 78, and for the reasons set forth above;

**IT IS** this 5th day of March, 2013,

**ORDERED** that Mane's Motion for Reconsideration is **DENIED**; and it is further

**ORDERED** that Krivda's Motion for Reconsideration is **DENIED**; and it is further

**ORDERED** that the preceding wording of Part I, paragraph 1 shall be substituted for and supersede the wording in Part I, paragraph 1 of the Order; and it is further

**ORDERED** that the parties' must otherwise comply with the terms and conditions of the Order, including the deadline for production of the documents compelled by the Order.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**
