NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIVAUDAN FRAGRANCES CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>JAMES KRIVDA, et al.,<br><br>        Defendants. | Civil Action No.: 08-cv-4409 (PGS)<br><br>MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

    This matter is before the Court on a Motion for Partial Summary Judgment by Defendant, James Krivda (ECF No. 285). Although the motion has several different grounds for summary judgment, this memo addresses the motion seeking summary judgment on Count 1 which alleges a breach of the Computer Fraud and Abuse Act by Krivda (18 U.S.C. § 1030 *et seq.*).

I.

    In early May, 2008, Krivda resigned his employment with Plaintiff, Givaudan Fragrances ("Givaudan") where he was a perfumer. Prior to his last day on the job, Krivda allegedly downloaded and copied a number of formulas for fragrances. The parties acknowledge the formulas as trade secrets. Soon thereafter, Krivda commenced employment as a perfumer with Mane USA (Mane), a Givaudan competitor. Givaudan alleges that Krivda gave the formulas to Mane – an act of misappropriation. In this motion, Krivda's use of the computer assigned to him to access Givaudan's computerized formula management system is at issue.

...

According to the Statement of Undisputed Facts, Defendant alleges he was authorized "to access Givaudan's computerized formula management system" which included all formulas connected to his job. According to Givaudan, Krivda "was given access to a confidential secure formula management database;" but that did not mean Krivda could "review and print" formulas; and he "was not authorized to access existing formulas, especially those created by others." From those facts, the resolution of the motion hinges.

II.

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and

pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247-48. If a court determines, "after drawing all inferences in favor of [the non-moving party], and making all credibility determinations in his favor – that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina*, 226 Fed. App'x. 222, 227 (3d Cir. 2007).

III.

Plaintiff alleges Krivda violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. This statute prohibits a person who "knowingly and with intent to defraud accesses a computer without authorization or exceeding authorized access," and is subject to a law suit for damages and an injunction. 18 U.S.C. § 1030(a)(4). In part, the statute mandates:

> (4) knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period;

In order to prove such a violation, Plaintiff must show that (1) the Defendant knowingly and with intent to defraud, accessed a protected computer; (2) the Defendant did so either without authorization or by exceeding authorized access; and (3) through means of such conduct, Defendant furthered the intended fraud and obtained something of value. See, *P.C. Younkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC,* 428 F. 3d 504, 508 (3d Cir. 2005).

Generally, the Computer Fraud and Abuse Act § 1030(a)(4), prohibits the unauthorized access *to* information rather than unauthorized *use* of such information. *Synthes, Inc. v. Emerge Med., Inc.,* 2012 U.S. Dist. LEXIS 134886, 52 (E.D. Pa. Sept. 19, 2012). The Ninth Circuit has explained that "a person who 'intentionally accesses a computer without authorization' . . . accesses a computer without any permission at all, while a person who 'exceeds authorized access' . . . has permission to access the computer, but accesses information on the computer that the person is not entitled to access." *Id.* at 54 (citing *LVRC Holdings LLC v. Brekka,* 581 F.3d 1127, 1133 (9th Cir. 2009)). The inquiry depends not on the employee's motivation for accessing the information, but rather whether the access to *that* information was authorized. *Id.* at 53 (citing *Brett Senior & Assocs., P. C. v. Fitzgerald,* 2007 U.S. Dist. LEXIS 50833, *4 (E.D. Pa. July 13, 2007)). "While disloyal employee conduct might have a remedy in state law, the reach of the CFAA does not extend to instances where the employee was authorized to access the information he later utilized to the possible detriment of his former employer." *Id.* at 55-56 (quoting *Consulting Prof. Res., Inc. v. Concise Techs. LLC,* 2010 U.S. Dist. LEXIS 32573, *6 (W.D. Pa. Mar. 9, 2010). Generally, "an employee who may access a computer by the terms of his employment is authorized to use that computer for purposes of CFAA even if his purpose in doing so is to misuse or misappropriate the employer's information." *Bro-Tech Corp. v Thermax, Inc.,* 651 F. Supp. 2d 378, 407 (E.D. Pa. 2009).

Here, Krivda was authorized to access that information, namely, Givaudan's computerized formula management database system, a fact Givaudan does not dispute. Relying upon the cases above, the term "exceeds authorized access," refers to one who had access to part of a system and then accessed other parts of the computer system to which he had no permissible access. Here Krivda had permissible access to the formula management database system. Givaudan's proposition that Krivda could not "review and print" does not fall within the definition of exceeds authorized access. In applying the summary judgment standard and utilizing Givaudan's version of the facts, it is clear

that Krivda had access to the computerized formula management system, and Krivda entered areas to which he had access. Summary judgment is granted, Count 1 is dismissed.

## ORDER

This matter having come before the Court on a Motion for Partial Summary Judgment by Defendant, James Krivda (ECF No. 285);

IT IS on this 26th day of September, 2013;

ORDERED that the motion to grant partial summary judgment dismissing Count I of the Complaint which alleges a violation of the Computer Fraud and Abuse Act is granted; and it is further

ORDERED that the Court reserves decision on the remainder of the motion.


       *s/Peter G. Sheridan*
       PETER G. SHERIDAN, U.S.D.J.