NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GIVAUDAN FRAGRANCES CORPORATION,** | : | Civil Action No.: 08-4409 (PGS) |
| **Plaintiff,** | : | |
| v. | : | MEMORANDUM OPINION AND ORDER |
| **JAMES KRIVDA, et al.,** | : | |
| **Defendants.** | : | |

**ARPERT, U.S.M.J.**

This matter comes before the Court on a Motion by Plaintiff Givaudan Fragrances Corporation ("Plaintiff" or "Givaudan") seeking an Order of Civil Contempt and Imposition of Sanctions [dkt. no. 271]. Mane has filed opposition [dkt. no. 274]. For the reasons stated herein, Givaudan's Motion is **DENIED**.

Givaudan contends that Mane is in contempt of the Court's February 15, 2013 Order and should be sanctioned for its refusal to provide discovery. See Givaudan's Brief, at pp. 19-20 [dkt. no. 271]. Even a cursory review of the docket indicates that the parties have vigorously disputed multiple discovery issues throughout this matter. Yet, the Court finds that neither party has been more culpable or dilatory than the other. The same applies to the present Motion. Accordingly, the Court finds that imposing sanctions on Mane would be inappropriate.

As an initial matter, Mane has complied with the Court's February 13, 2013 Order. Indeed, Mane has produced extensive discovery in this litigation and, to the Court's knowledge, has not acted willfully or in bad faith to obstruct the discovery process. In response to the February 15, 2013 Order, Mane produced, *inter alia*, two years of communications between

James Krivda and Mane employees, including over 40,000 pages of responsive documents. See Mane's Opposition Brief, at p. 6 [dkt. no. 274]. Mane has also produced a list of all of Krivda's fragrance sales and all fragrances sold by other Mane Perfumers with a Krivda reference from May 5, 2008 to February 19, 2013. Id. at p. 8. Mane's Chief Financial Officer, Tathiana Remick, certified that the sales figures on this list are true, complete, and derived from sales data that is maintained in the ordinary course of business. Id. at p. 7. Then, Mane produced all of the corresponding invoices for these sales. Id. By letter dated March 14, 2013, Mane even explained how the invoices reflecting the sales information could be cross-referenced by using the manufacturing number. Id. at pp. 7-8.

Further, Mane has made available two databases containing responsive documents. First, Mane has produced a Microsoft access database containing all formulas created by James Krivda from May 5, 2008 through October 25, 2011. Id. at p. 9. Second, Mane produced a second database clarifying whether the formulas selected by the customer was a Krivda formula or contained a Krivda reference. Id. at p. 13. For certain requested information that Mane has not produced, the Court is satisfied with Mane's reasons for non-production. See, e.g., Mane's Opposition Brief, at pp. 13, 14.

In addition, on October 25, 2013, the Honorable Peter G. Sheridan, U.S.D.J. entered an Order granting Mane's Motion for Summary Judgment with respect to 582 formulas asserted by Givaudan. See dkt. no. 453. As a result, only 34 formulas remain at issue in this litigation. Upon the Court's request, the parties submitted letters stating their positions concerning the impact of Judge Sheridan's Order on the outstanding motions in this case, including the present Motion (which has been held in abeyance pending Judge Sheridan's Order). See dkt. nos. 489, 494, 495. Especially given the narrower scope of allowable discovery following Judge

Sheridan's Order, the Court finds that Mane has complied with its discovery obligations following the February 15, 2013 Order.

The Court having considered the papers submitted and the opposition thereto, and for the reasons set forth above;

**IT IS** on this 2nd day of December, 2013,

**ORDERED** that Plaintiff's Motion for an Order of Civil Contempt and Imposition of Sanctions [dkt. entry. no. 271] is **DENIED** as set forth above.

<u>s/ Douglas E. Arpert</u>
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**